UNITED STATES OF AMERICA                                         PLAINTIFF

v.

ROY REYNOLDS                                                     DEFENDANT

## JURY INSTRUCTIONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Government has proven its case; and third, some rules for your deliberations. A copy of these instructions will be available to you in the jury room.

### I.   GENERAL RULES CONCERNING JURY DUTY

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the Defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes

the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

### A. Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the Defendant has pled not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the Government tells the Defendant what crimes he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the Defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the Defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove that he is guilty, and this burden stays on the Government from start to finish. You must find the Defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable

doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

B.   **Evidence**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence you decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it

deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

### C. Direct & Circumstantial Evidence

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### D. Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

4

(a) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(b) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(c) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(d) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(e) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(f) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other

people. And then decide what testimony you believe, and how much weight you think it deserves.

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference. Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

### E. Lawyers' Objections

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged. The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## II. RULES OF LAW

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

G.S.

But before I do that, I want to emphasize that the Defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

### INSTRUCTION NO. 1: Multiple Charges

The Defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

### INSTRUCTION NO. 2: Illegal Distribution of Controlled Substance

(1)     Counts 2 through 4 and 6 through 20 charge the Defendant with the crime of distributing controlled substances. For you to find the Defendant guilty of this crime, you must find that the government has proved each of the following elements beyond a reasonable doubt:

(A)     The Defendant knowingly or intentionally distributed or dispensed the controlled substance described in Counts 2 through 4 and 6 through 20 of the Indictment, which are:

Count 2: Oxycodone, a Schedule II controlled substance, to J.H., on or about and between November 17, 2010, and April 1, 2011;

Count 3: Hydrocodone, Schedule III controlled substance, to J.H., on or about and between December 13, 2010, and January 21, 2011;

Count 4: Lorazepam and Alprazolam, Schedule IV controlled substances, to J.H., on or about November 17, 2010, and April 1, 2011;

7

Count 6: Vicodin and Hydrocodone, Schedule III controlled substances, to J.R., on or about March 4, 2011, and December 29, 2011;

Count 7: Xanax, Alprazolam, and Clonazepam, Schedule IV controlled substances, to J.R., on or about November 26, 2010, and December 21, 2011;

Count 8: Oxycodone, a Schedule II controlled substance, to M.G., on or about and between November 17, 2010, and April 1, 2011

Count 9: Hydrocodone, a Schedule III controlled substance, to M.G., on or about and between November 22, 2010, and October 3, 2012;

Count 10: Alprazolam, a Schedule IV controlled substance, to M.G., on or about November 22, 2010, and December 21, 2011;

Count 11: Vicodin, Norco, and Hydrocodone, Schedule III controlled substances, to C.B., on or about and between November 24, 2010, and March 12, 2012;

Count 12: Xanax, Lorazepam, Alprazolam, and Clonazepam, Schedule IV controlled substances, to C.B., on or about and between November 24, 2010, and April 9, 2012;

Count 13: Oxycodone, Ritalin, and Tylox, Schedule II controlled substances, to S.K., on or about and between November 23, 2012, and January 18, 2013;

Count 14: Vicodin, Norco, and Hydrocodone, Schedule III controlled substances, to S.K., on or about and between November 17, 2010, and August 21, 2012;

Count 15: Xanax and Alprazolam, Schedule IV controlled substances, to S.K., on or about and between November 17, 2010, and January 18, 2013;

Count 16: Vicodin, Norco, and Hydrocodone, Schedule III controlled substances, to K.F., on or about and between November 17, 2010, and January 23, 2013;

Count 17: Lorazepam and Xanax, Schedule IV controlled substances, to K.F., on or about and between November 23, 2011, and July 17, 2012;

Count 18: Oxycodone, Percocet, and Tylox, Schedule II controlled substances, to B.W., on or about and between December 22, 2010, and May 30, 2012;

Count 19: Norco, Lortab, Lorcet, and Hydrocodone, Schedule III controlled substances, to B.W., on or about and between November 17, 2010, and July 26, 2012;

Count 20: Xanax, a Schedule IV controlled substance, to B.W., on or about November 17, 2010, and May 23, 2012.

(B) That Defendant knew at the time of distribution that the substance was a controlled substance; and

(C) That Defendant's actions were not for legitimate medical purposes and were outside the usual course of professional medical practice.

(2) Now I will give you more detailed instructions on some of these terms.

(A) To prove that the Defendant knowingly distributed the controlled substances listed in the indictment, the Defendant did not have to know which controlled substance he was distributing. It is enough that the Defendant knew that it was some kind of controlled substance. Further, the Defendant did not have to know how much of the controlled substances he distributed. It is enough that the Defendant knew that he distributed some quantity of controlled substances.

(B) The term "distribute" means the defendant delivered or transferred a controlled substance. Distributing controlled substances by prescription is illegal if the prescription is issued outside the usual course of medical practice or for other than a legitimate medical purpose.

(C) The term "dispense" means to deliver a controlled substance to an ultimate user by, or pursuant to the lawful order of, a practitioner. Dispensing includes filling a prescription issued by a practitioner or giving an injection ordered by a practitioner. The dispensing is illegal if the prescription or order is outside the usual course of medical practice or issued for other than a legitimate medical purpose.

(D) The term "practitioner" means a physician or other person licensed, registered, or otherwise permitted, by the United States or the jurisdiction in which he

9

practices to distribute or dispense a controlled substance in the usual course of professional practice.

(3)     In determining whether the Defendant knowingly or intentionally distributed a controlled substance, you may consider all the facts and circumstances shown by the evidence, including the Defendant's words and actions.

(4)     The following substances are controlled substances within the meaning of Title 21, United States Code, Section 841(a)(1): Oxycodone; Hydrocodone; Xanax; Lorazepam; Clonazepam; Vicodin; Norco; Ritalin; Tylox; Percocet; Lortab; Lorcet.



**INSTRUCTION NO. 3: Illegal Distribution of Controlled Substance Resulting in Death or Serious Bodily Injury**

With respect to Count 1, if you find that the defendant distributed or dispensed a controlled substance to J.H., in this case oxycodone, outside the usual course of professional practice and not for a legitimate medical purpose, you must then determine beyond a reasonable doubt whether the use of the oxycodone distributed or dispensed by the defendant resulted in the death or serious bodily injury of J.H.

To establish that a death or serious bodily injury resulted from the Defendant's conduct, the Government need not prove that the death or serious bodily injury was foreseeable to the Defendant, but the Government must prove beyond a reasonable doubt that the death or serious bodily injury would not have occurred had the oxycodone the Defendant prescribed on April 1, 2011, not been ingested by J.H. In other words, the Government does not have the burden of establishing that the Defendant intended that death or serious bodily injury resulted from the distribution or ingestion of the oxycodone. Nor does the Government have the burden of establishing that the Defendant knew, or should have known, that death or serious bodily injury would result from the distribution or ingestion of the oxycodone.

G.S.

What the Government must prove, beyond a reasonable doubt, is that the oxycodone distributed or dispensed by the Defendant resulted in the death or serious bodily injury of J.H. The Government is not required to prove, however, that the oxycodone was J.H.'s only cause of death or serious bodily injury. It is sufficient for the Government to prove J.H.'s use of the oxycodone, combined with other factors, produced death or serious bodily injury and that death or serious bodily injury would not have occurred without the incremental effect of the oxycodone prescribed by the Defendant.

### INSTRUCTION NO. 4: On or About and Between

Next, I want to say a word about the dates mentioned in the indictment.

The indictment charges that: Count 1 happened "on or about April 1, 2011," and "on or about April 3, 2011," and Count 2 happened "on or about and between November 17, 2010, and April 1, 2011," etc. The Government does not have to prove that the crimes happened on these exact dates. But the Government must prove that the crimes happened reasonably close to the dates noted.

### INSTRUCTION NO. 5: Use of the Word "And"

Next, I would like to instruct you about some of the language used in the indictment. Although the indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

### INSTRUCTION NO. 6: Inferring Required Mental State

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that he intended those results. This, of course, is all for you to decide.

### INSTRUCTION NO. 7: Deliberate Ignorance

Next, I want to explain something about proving the Defendant's knowledge.

No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that the Defendant deliberately ignored a high probability that the controlled substances were being dispensed or distributed outside the course of professional practice and not for a legitimate medical practice, then you may find that the Defendant knew that this was the case.

But to find this, you must be convinced beyond a reasonable doubt that the Defendant was aware of a high probability that this was the case, and that the Defendant deliberately closed his eyes to what was obvious. Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict. This, of course, is all for you to decide.

### INSTRUCTION NO. 8: Usual Course of Medical Practice

The term "usual course of professional practice" means medically treating a patient in good faith and accordance with the standard of medical practice generally recognized and accepted in Kentucky.

G.S.

A physician's own individual treatment methods do not, by themselves, establish what constitutes a "usual course of professional practice." In making medical judgments concerning the appropriate treatment for an individual, however, physicians have discretion to choose among a wide range of available options.

In order to determine whether the prosecution has proved beyond a reasonable doubt that the Defendant prescribed the controlled substance other than for a legitimate medical purpose and not in the usual course of medical practice, you may consider all of the evidence of the circumstances surrounding the prescribing of the controlled substance in question.

### INSTRUCTION NO. 9: Good Faith Defined

It's the theory of the defense that Dr. Reynolds treated his patients in good faith. If a physician dispenses or distributes a drug in good faith in the course of medically treating a patient, then the doctor has dispensed or distributed the drug for a legitimate medical purpose and within the course of professional medical practice. That is, he has distributed the drug lawfully.

"Good faith" in this context means good intention and an honest exercise of professional judgment as to a patient's medical needs. It means that the Defendant acted in accordance with what the physician should reasonably believe to be proper medical practice.

In considering whether Defendant acted with a legitimate medical purpose in the course of usual professional practice, you should consider all of Defendant's actions and the circumstances surrounding them.

Defendant does not have to prove to you that he acted in good faith; rather, the burden of proof is on the Government to prove to you beyond a reasonable doubt that Defendant acted without a legitimate medical purpose outside the course of usual professional practice.

13

G.S.

### INSTRUCTION NO. 10: Standard of Care Defined

You have heard the phrase "standard of care" used during the trial by several witnesses. When you go to see a doctor as a patient, the doctor must treat you in a manner that meets the applicable standard of care that physicians of similar training would have given to you under the same circumstances. If a doctor fails to provide you with that care, the doctor may be found negligent in a civil lawsuit.

This case is not about whether Defendant acted negligently or whether he committed malpractice. Rather, in order for you to find Defendant guilty, you must find that the Government has proved to you beyond a reasonable doubt that Defendant's action was not for a legitimate medical purpose in the usual course of professional practice.

### INSTRUCTION NO. 11: Opinion Testimony

During the trial, you heard the testimony of Drs. King, Stewart, and Guarino, who testified as opinion witnesses.

You do not have to accept their opinions. In deciding how much weight to give their opinions, you should consider their qualifications and how they reached their conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness' testimony to believe, and how much weight it deserves.

### INSTRUCTION NO. 12: Witness Testifying to Both Facts and Opinions

You have heard the testimony of Drs. King, Stewart, and Guarino, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

14

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept the opinions of Drs. King, Stewart, and Guarino. In deciding how much weight to give those opinions, you should consider the their qualifications and how they reached their conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness' testimony to believe, and how much weight it deserves.

### INSTRUCTION NO. 13: Charts and Summaries – Not Admitted

During the trial you have seen counsel use summaries and charts which were offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any facts.

### INSTRUCTION NO. 14: Charts and Summaries – Admitted

During the trial you have seen or heard summary evidence in the form of charts and testimony. This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

### INSTRUCTION NO. 15: Defendant's Testimony

A defendant has an absolute right not to testify. The fact that Dr. Reynolds did not testify cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the Government to prove the Defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

### III. JURY DELIBERATIONS

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 10-2, or 2-10, or whatever your vote happens to be. That should stay secret until you are finished.

#### A. Experiments, Research, Investigation, and Outside Communications

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as



Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

### B. <u>Unanimous Verdict</u>

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find the Defendant guilty of a particular count, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

### C. Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change you mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government proved the Defendant guilty beyond a reasonable doubt.

### D. Punishment

If you decide that the Government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the Defendant guilty beyond a reasonable doubt.

### E. Return of Verdict Form

I have prepared a verdict form that you should use to record your verdict as to each charge. The form reads as follows:

"We, the Jury, find the Defendant, Roy Reynolds: Guilty_____   Not Guilty _____."

If you decide that the Government has proved a charge against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proved a charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

### F. Verdict Limited to Charges Against this Defendant

Remember that the Defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the Government has proved the crimes charged.

### G. Court Has No Opinion

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Government has proved the Defendant guilty beyond a reasonable doubt.

### H. Juror Notes

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent

19

recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of any evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

G.S.